UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00056-JPH-DLP |
| GEORGE WEST, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING EXTENSION OF TIME**

The Court entered Judgment in this case on April 27, 2021. Dkt. 118. Mr. West's notice of appeal was therefore due on May 12, 2021, *see* Fed. R. App. P. 4(b)(1)(A), but he filed it on May 13, 2021, dkt. 120. Mr. West has therefore filed a motion to extend the deadline to file an appeal of his conviction. Dkt. 126. Mr. West's counsel explained in the motion that when he "entered the due date into his electronic calendaring system," he "must have inadvertently selected fifteen days rather than the required fourteen days." *Id.* The government did not file a response. *See* dkt. 127.

District courts may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "The excusable neglect standard is a strict one," but it "is equitable" and considers "relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good

1

faith." *Satkar Hospitality, Inc. v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014) (citing *Sherman v. Quinn,* 668 F.3d 421, 425 (7th Cir. 2012)).

Here, Mr. West's counsel erroneously input the length of time to appeal into his electronic calendar, despite "a redundant system for verifying . . . due dates." Dkt. 126 at 1–2.[1] Mr. West argues that this mistake was excusable neglect because it (1) did not prejudice the Government, (2) was only one day, (3) was caused by scheduling mistake, which should not be held against the movant, and (4) was "the result of an extremely rare human error". *Id.*; see *Satkar Hospitality,* 767 F.3d at 707.

Moreover, in criminal cases, district courts have "broad power to extend the filing deadline to avoid unjust results," because "the consequences of missing a deadline may include the loss of . . . personal liberty." *Marquez v. Mineta,* 424 F.3d 539, 542 (7th Cir. 2005); *see also Alvarez–Martinez,* 286 F.3d at 473 (a district court may extend an appeal deadline if it "thought the likelihood of success was sufficiently high" on a habeas motion, "thus avoiding the need for a time-consuming ancillary proceeding).

Because counsel's error is not attributable to the defendant, caused little delay, and did not prejudice the government, the unopposed motion for extension of time is **GRANTED**. Dkt. [126].

**SO ORDERED.**

---

[1] Mr. West's counsel did not miscalculate the deadline, which would not support excusable neglect. *See United States v. Alvarez–Martinez,* 286 F.3d 470, 473 (7th Cir. 2002); *see also Sherman v. Quinn,* 688 F.3d 421 (7th Cir. 2012) (forgetting a deadline is inexcusable).

Date: 6/10/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Terrance Lamont Kinnard
KINNARD & SCOTT
tkinnard@kinnardlaw.net